Good morning. If it may please the Court, Dan Teamey from the firm of Littler Mendelsohn on behalf of Defendant and Appellant Brink's Home Security. The question for the Court this morning is whether the district court abused its discretion in granting the plaintiff's leave to amend to add non-diverse defendants, which destroyed diversity and resulted in the remand of this case to State court. We submit that given the... Well, that's the merits issue, isn't it? Yes, Your Honor. And we have the jurisdictional questions before that. If you'd like me to address the jurisdictional issue first, I would be happy to, Your Honor. Well, I think maybe, because you've got two orders, the or one order doing, which may be a separable order, if you will, granting leave to add parties by amendment and then the order of remand. And the order of remand, presumptively, would not be a final order and not appealable under 1291, as I understand it. But then you might argue, well, it's a collateral order exception, and therefore, it's appealable. So I think you've got those issues before we ever get to abuse of discretion. All right, Your Honor. I'd be happy to address the jurisdictional issue first. The question is exactly as you have phrased it, and it's raised by the plaintiffs in terms of an argument that this appeal is barred by Section 1447d, which in general Where are these sections set out in your briefs? I'd kind of like to follow you along as you talk about B and C and D and E and that whole deal. Yes, Your Honor. We attached the relevant statutory sections as an appendix on the last page of our opening brief. Of your opening brief. Okay. Hold on just a second. I'll be with you in a minute. Yes. Okay. I've got it now. The plaintiff's argument with respect to jurisdiction goes to Section 1447d of Title 28, which, as the Court is aware, is a general proposition, bars an appeal of an order of the district court remanding a case to State court after removal. This Court's authority, including the Huth case, which Judge Thompson was a member of the panel on that case, indicates that although the literal language of Subpart D would indicate that all orders remanding cases are unappealable, that the literal language does not apply. That, in fact, the purpose of that section is to bar appeals of remands that were based on findings of improper removal, either because the removal procedure was not properly followed or because there was a lack of subject matter jurisdiction. In this case, there clearly was proper removal and clearly was subject matter jurisdiction. We properly removed this case based on diversity jurisdiction. There was complete diversity at the time of removal. There is no question about the fact that there was a case where jurisdiction was appropriate and the removal procedures were properly followed. As such, based on Huth and other previous Ninth Circuit cases, Subpart D does not act as a bar to this appeal. There's also a second reason that Subpart D does not act as a bar to this appeal, and that is the concept of separability of the two portions of the order. First, the portion that granted leave to amend to add the non-diverse defendants, and then, second, the resulting remand. And the leading case on that here in the Ninth Circuit is the State of Nebraska case that we cited in our papers, which draws that distinction that where you have a preliminary decision made by the district court that is analytically distinct from the remand itself, but that analytically distinct prior decision is not barred. Appeal of that decision is not barred by Section 1447D. So, apart from the... 1447E as in Evelyn? Pardon me? 1447E? 1447D as in Delta. As in what? As in Delta. Delta D. Okay. And Judge Thompson, you went to the point based on this separability argument of, well, what about whether you have a final order here? And as you pointed out, the basis of the... the basis of the appealability as a final order of the motion granting the discretionary addition of the non-diverse defendants is the collateral order doctrine. And that is in also in the Huth case, again, which Your Honor was on the panel of, the concept that if you have an order that effectively places the parties out of the federal court, that that is an appealable collateral order. Of course, adding defendants didn't kick you out of federal court. It was the remand that kicked you out of federal court. Well, that is true that the remand is what kicked the parties out of federal court. But the remand was the inevitable result of the addition of the non-diverse parties. And, in fact, was clearly the intended result by the plaintiffs in asking that the court at the same time grant the amendment to add the non-diverse parties and remand. So that addresses, I believe, the issue of jurisdiction on appeal. Going to the merits, the question is, did the trial court abuse his discretion in granting the amendment to add the non-diverse defendants? The law on this is set out in the Ninth Circuit, primarily in the Desert Empire Bank case, which properly recognized that when Congress allowed for removal of a non-diverse party, it has availed itself of the right to the federal forum properly under the removal of jurisdiction statute, that plaintiffs should not be able to come in and solely for strategic purposes add a non-diverse party in order with the purpose and intent of obtaining a remand and defeating that federal forum that Congress saw fit to grant to defendants in diversity cases. We submit that the record that was before the trial court can lead to only one reasonable conclusion, and that is that the motive of the plaintiffs in seeking to add these non-diverse defendants was to destroy diversity and obtain a remand to state court. And we believe that is so for three reasons. First, the timing. The plaintiffs brought this case solely against the corporate defendant, which is a subsidiary of a large conglomerate which is publicly traded worth billions of dollars. They knew that they could get adequate relief from the corporate defendant. The claims are claims of failure to pay wages based on the state wage and hour statutes. Twenty days after we removed the case, plaintiffs moved to amend their complaint, in part to add non-diverse defendants and obtain a remand to state court. The timing speaks that they were intent on getting back to state court and bringing that motion within 20 days after the removal. The second factor that establishes the plaintiff's intent in this is the fact that there was no actual advantage to them in adding these individual defendants. The theories on which they've sued the individual defendants are that the individual defendants were acting as managing agents of the corporation, and therefore, they should also be liable in addition to the corporation. There is no relief that the plaintiffs can obtain from the individual defendants that they cannot already obtain from the corporate defendant. Did they initially ask for a jury trial in this case? Your Honor, I don't recall whether there's a jury remand or not. I can recall my old personal injury practice. We would sometimes leave out the truck driver and only sue the corporate defendant because we didn't want the jury to think that the poor truck driver was going to have to pay the judgment. So there's good reason not to include individual defendants, but I just wondered. Indeed, there are good reasons not to include the individual defendants, which I presume were the reasons why plaintiffs initially left them out of the case, which brings me to the third point of why. I guess if we accepted your theory on this, how would we really ever know what people's motives are? You know, there could be litigation tactics from the standpoint of they feel that they have these... If these people are proper parties, assuming that they have something to do with it, how could you know that it might have something to do with evidence that they wanted to get in, and the only way they would be able to get the evidence in would be if... I mean, how would a court ever know? I mean, you're saying, well, we have to decide that these are bad in federal court. We would always... I mean, how... I mean, parties would not even be required to disclose what their litigation techniques were on that. Well, Judge Callahan, motive is always a question of circumstantial evidence. It's like in a discrimination case. The parties never state expressly what their motives are. You have to prove it circumstantially. The most... I know, but I guess when I'm just hearing you say this, I could think that someone... that a lawyer might have certain tactical... they might have reasons in terms of how they're going to present their evidence, and we're not talking about parties. We're not talking about, you know, joining someone that has nothing to do with this. Oh, there's no doubt that the individuals that they sued are involved centrally in the facts. However, it gets to my... the third basis that I believe the evidence shows that no reasonable mind could conclude other than an intent to defeat diversity, which is that in the briefing on the motion to remand, the plaintiffs never set forth... never articulated a statement of what benefit they got in pursuing the litigation from adding these individual defendants as parties. The only statement they ever made was they did it because they wanted to have full relief for their state law claims. But the evidence was undisputed that they could obtain full relief from the corporate defendant. They never even stated in a hypothetical fashion that having these parties as plaintiffs would assist them in their discovery or assist them in their preparation of evidence at trial. And in fact, they're fully... these individuals are fully subject to the subpoena power, would be subject to discovery, would be subject to testimony at trial. Because of the fact that as the Ninth Circuit and the Desert Empire Bank recognized, the fact that we properly got to the Federal Forum is a valuable right that Congress bestowed on parties who properly avail themselves of that. And as such, when the plaintiffs come in and seek to obtain a remand through this kind of mechanism, the Court is required to look with a callous eye at those motives and make that judgment of what the motives of the plaintiffs were. And I see my time has expired. With that, I'll thank you, Your Honors. Thank you. Good morning. May it please the Court. My name is Martin Garfinkel, and I represent the plaintiffs. First, on the jurisdictional issue, we think that's an insurmountable burden for the defendants in this case. The U.S. Supreme Court has held that under 28 U.S.C. 1447d, there is no appellate review of any order remanding a case to state court as long as the remand order is authorized by a Federal statute. This is stated in a number of cases, specifically — And then there's been an exception to that, isn't it? Yeah. The exception is where it's not authorized by a statute. And all of the cases cited by defendant involve cases where there was a remand under some non-statutory basis. In fact, the primary case, the Ninth Circuit case, they rely on is a case called Pelleport Investors, where the court remanded under a forum selection clause in a contract. And what the court said there, and the Ninth Circuit said, is, look, in these remand cases, the district court is the final arbiter of remand, except if there is a remand order based on something other than a statute. And so Pelleport was based on a forum selection clause. Huth, the other principal Ninth Circuit case relied on by the defendant, was an abstention case. In fact, the primary — the leading Supreme Court case on it is Thermotron from 1976. And in that case, the district court remanded based on a heavy docket. And the district and the Supreme Court said, specifically at page 128 — I'm sorry. That's another case. That's in Things Remembered. And in Thermotron, the Supreme Court said, we will allow the remand here as an exception to this broad bar contained in 1447D against appellate review because it was not based on a statutorily authorized basis. In Things Remembered, a 1995 Supreme Court case, 516 U.S. 124, in which there was an issue of whether you could review a remand from a bankruptcy court proceeding. And it was statutorily based, but not in the general removal statute of 1447. It was under 1452, 28 U.S.C. 1452. The Supreme Court said, Section 1447D applies not only to remand orders made in suits removed under the general removal statute, but to orders of remand made in cases removed under any other statutes as well. So the Supreme Court said, look, it doesn't have to be a remand just based on 1447, but it has to be based — a remand based on a statute, in which case 1447D absolutely applies. If you have a remand based on something other than a statute, then you get to these other issues, collateral order and those sorts of doctrines. But as Pelleport, the Ninth Circuit in Pelleport, explained, there's a good reason why 1447D was passed and its predecessors going back to 1887, which is that you don't want parties engaged in extensive litigation over appellate jurisdiction and Federal State jurisdiction and never getting to the merits. And this is a good example of such a case, where the complaint was filed in the fall of 2002, and here we are more than a year and a half later still arguing over the jurisdictional issues. And that's why — Yeah. I think what she boils down to is if the remand was for lack of Federal jurisdiction, then it's not reviewable. That's another way in which the courts describe it. But they — they — specifically the Supreme Court uses the term that it has to — the remand has to be based on a Federal statute, which in most cases is based on a subject matter jurisdiction issue. That's why I was having a little trouble following you on the order, because I've been thinking in terms of jurisdiction. And if we just had the one order that was being appealed, the remand order, we probably would — and we had non-diverse parties, we'd have no difficulty saying this is a non-appealable order. Right. Because obviously it lacks jurisdiction. That's it. Right. End of the ballgame. So you have to argue that — well, you argue that's what is involved in this case. Exactly. And then to answer your opponent's argument, you say it's really not the order-permitting amendment that's being appealed independently. But even if it were, it's a non-final order. Well, and actually, the way we come to that is — Go ahead with your argument. I don't want to — No, no, no. But that's exactly — takes me to the argument, which is it comes back to 1447E. It's inevitable. Which is the — we made a motion under 1447E to amend — to do a number of things. We added non-diverse defendants. We also added a plaintiff. And we added a cause of action. And that was brought under 1447E, which — and the order that is being appealed is an order that allows us to amend the complaint to do these things, including adding the non-diverse defendants and remanding. It's a single order. And one of the arguments the defendant has is, well, in the Supreme Court authority, they say 1447D only applies to remands brought under 1447C. And what they fail to note, which the two circuit courts that deal with this issue have noted, is that 1447E was added in 1980 — 1988 after the ThermTron decision from 1976, which had that language about 1447D only barring review of remands under 1447C. And in the Seventh Circuit in Florida Wire and the Fourth Circuit in Washington Sanitation both recognized that when you have an order adding non-diverse defendants and remanding to state court under 1447E, that 1447D applies, even though ThermTron made no reference to 1447E. And the reason ThermTron in 1976 didn't make a reference to 1447E is that provision was not added until 1998. And they said, look, 1447E is in the removal statutes, the general removal statute. 1447D bars any review of any remand order under the general removal statute, and 1447E is now part of that. And it throws you back into C, I guess, is what it does. Well, it does. I mean, both — So even if, given this paper, you could say that the remand of D only refers to those that are within the ambit of C, sub E puts those where you've added a party to destroy subject matter jurisdiction back into the ambit of C. Correct. And so that's another way of reading 1447E in conjunction with subpart C. And so what you have here is, as we said, an insurmountable bar to review. The district courts are supposed to be the final arbiter of these kinds of remand decisions, where it's statutorily based or, i.e., based on subject matter jurisdiction. And there is not a single case that they cite from the Ninth Circuit or anywhere else that allows appellate review of a remand based on 1447E, which is exactly what happened here. The orders are separable. And what they're appealing is the order permitting the remand. And it may or may not be a final order under 1291, but does the collateral order doctrine or colon doctrine apply? Well, yeah. As — obviously, we don't think we get there. But if we do, one of the — the case they rely on principally for that is a Fifth Circuit case called Doliak. And Doliak had slightly different facts in terms of how the parties got added. They were actually John Doe defendants. There was a motion to amend a complaint that was separate from a motion to remand. But they dealt with a separability issue. They found it was separable because there, 1447E was never mentioned. It wasn't the basis for the remand. And they — the Fifth Circuit and — Brinks relies on this case for separability. But if you read on in Doliak, and it's a very academic opinion about separability, which is quite interesting, but if you go on and they say, if you — but even still under the collateral order rule, we think 1447D bars it. And specifically, I'd like to read 264F3, 491. Because we do not conclude that Congress intended the bar in 1447D to turn an otherwise non-collateral, unreviewable interlocutory order into a collateral appealable order, we conclude this amendment does not meet the requirements of the third prong of the collateral order exception. To conclude otherwise would create an exception that swallows the rule. Because if granting a motion to amend that destroys diversity fell within the collateral order doctrine, the very purpose of Section 1447D would be frustrated if not destroyed. So in other words, you don't get an end run around 1447D by raising the collateral order doctrine. And just briefly, if I can address a couple of points on the merits. We don't think the Court should get there. But if and perhaps you do, obviously this is an area that district courts have discretion and it's an abuse of discretion standard that has to be applied. And we don't think the discretion was abused. Brinks says the sole motive for plaintiff was to destroy diversity. And what they ignore is what the cases say is it's a balancing test. Motive is one of the factors. But it's not the only factor, even if you can find the motive. And what we have here are valid, indisputably valid causes of action against these managers involving similar facts. So you're not dealing with a tangential issue. There was no dilatory purpose. That's one of the factors that's considered. It was brought promptly. And other than the loss of the federal forum, which does occur, obviously, there's no other prejudice to the defendants. Now, on the dilatory purpose. These are all state law claims. This is only a state law claim. It's a putative class action on behalf of workers for off-the-clock work, a wage and hour case under Washington wage and hour law. They would always rather be in federal court because of the jury, how the jury verdicts go. I'm sorry. Well, they'd rather have it. You know, they would rather have you have a unanimous have to get a unanimous jury. I don't want to ascribe motives, but perhaps that's true. So there is no. So our position is and counsel mentioned it is plaintiffs want all of their legitimate claims. There's no dispute that these claims are not legitimate against legitimate defendants in a single forum. And that's the reason this was done. And what you'll see is in the cases that defendants like specifically Klinko v. Butko, which was a central district of California case from 1996 that Brinks relies on where a court is likely to find improper motive. They almost always look to the impropriety of the claim. They say, well, this isn't a very strong claim anyway. So we're going to infer an improper motive. You don't have that here. You have legitimate claims against legitimate defendants and plaintiffs are entitled to have. And it makes sense for judicial economy reasons to have all such legitimate claims heard in one forum. Have your argument. Thank you. Thank you. We're going to take a recess. I might suggest that the next two cases. Gaga and filmmakers. It seems.
judges: Pregerson, Thompson, Callahan